## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

THOMAS PIETRANGELO

**11-1084**

v.

PLAINTIFF

Civil Action No. _____

BP AMERICA PRODUCTION COMPANY, INC.; WILLIAM G. LOWRIE, **SECT. B MAG. 2**
Individually and as President and CEO of BP America Production Company, Inc.;
TAMARA GARRETT, Individually and as Contract Manager for BP America Production
Company, Inc.; DANOS AND CUROLE STAFFING, LLC; and GARRET H. DANOS,
Individually and as Manager/Operator of Danos and Curole Staffing, LLC   DEFENDANTS

### COMPLAINT

### Jury Trial Requested

Thomas Pietrangelo enters this Complaint and would show this Honorable Court the
following facts and matters.

Parties

1.      Thomas Pietrangelo (Mr. Petrangelo) is an adult resident of Jackson County,
Mississippi currently living at 226 Glen Eagles Drive, Ocean Springs, Mississippi.

2.      Defendant BP America Production Company, Inc. (Defendant BP) is a
corporation and may be served process of this Honorable Court to its agent Tamara Garrett, BP
America Production Company, 501 Westlake Park Boulevard, Houston, TX 77079.

3.      Defendant William G. Lowrie (Defendant Lowrie) is President and CEO of
Defendant BP and may be served process of this Honorable Court at his place of business, BP
America Production Company, 501 Westlake Park Boulevard, Houston, TX 77079.

4.      Defendant Tamara Garrett (Defendant Garrett) is Contract Manager for Defendant
BP and may be served process of this Honorable Court at her place of business, BP America
Production Company, 501 Westlake Park Boulevard, Houston, TX 77079.

Fee $350.²²
✓ Process
X Dktd
___ CtRmDep
___ Doc. No

1

5.      Defendant Danos and Curole Staffing, LLC (Defendant D&C) is a limited liability company licensed to do business in the State of Louisiana located at 13559 West Main Street, Larose, Louisiana  70373.  Defendant D&C may be served process of this Honorable Court to its agent Janell Ledet, 13083 Highway 308, Larose, Louisiana  70373.

6.      Defendant Garret H. Danos (Defendant Danos) is Manager/Operator of Defendant D&C and may be served process of this Honorable Court at his place of business, Danos and Curole Staffing, LLC, 13083 Highway 308, Larose, Louisiana  70373.

<u>Jurisdiction and Venue</u>

7.      This Honorable Court has jurisdiction under 28 U.S.C. § 1332 as this matter is between citizens of different states and exceeds the minimum amount in controversy.

8.      Venue is proper because all parties contractually agreed to this venue.

<u>Facts</u>

9.      Mr. Pietrangelo is the rightful owner of the vessel *Reel Fun*, located at Point Cadet, Mississippi, license number MI 3053BK.

10.     Defendant BP, under the direction of Defendant Lowrie and through the actions of Defendants Garrett, D&C and Danos, chartered Mr. Pietrangelo's vessel for the Mississippi Canyon project, number MC-252.  The charter is Agreement Number 58600 and BP Contract Number MOB 50071 (the Agreement).  A copy of the Agreement is attached as Exhibit A.

11.     Article 19 of the Agreement states,

> In the event, but only in the event, the maritime laws of the United States do not apply, the laws of the State of Louisiana shall govern.  Any litigation arising out of or relating to the CHARTER may be brought in a court of competent jurisdiction in New Orleans, Louisiana or Houston, Texas.

12.,      As the instant action is for breach of contract and Mr. Pietrangelo believes this Honorable Court is a court of competent jurisdiction, he is entering this Complaint here.

13.      During the life of the Agreement, Mr. Pietrangelo submitted five (5) invoices for payment to Defendant BP, through Defendant D&C, and all five (5) were paid.

14.      On or about August 27, 2010, Defendant BP sent a Notice of Non-Renewal of Master Vessel Charter terminating the Agreement and requesting a final invoice. A copy is attached as Exhibit B.

15.      Per the terms of the Agreement, "The termination of the CHARTER TERM (termination of dispatch) is determined by the time the VESSEL is secure in its moorings at the original point of delivery during drills and exercises, and secure at its mooring after final decontamination . . . ." Agreement, page 4, Article 10, Paragraph E.

16.      On or about September 9, 2010, Mr. Pietrangelo submitted his invoice for the time through the Notice of Non-Renewal of Master Vessel Charter. A copy is attached as Exhibit C. Mr. Pietrangelo is yet to be paid from the invoice.

17.      Mr. and Mrs. Pietrangelo called and emailed Defendant BP, Defendant Garrett and Defendant D&C requesting payment, but were ignored and put off.

18.      On or about December 7, 2010, Defendant BP sent a crew to decontaminate Mr. Pietrangelo's vessel.

19.      In compliance with and reasonable reliance on the Agreement, Mr. Pietrangelo submitted on or about January 20, 2011, his final invoice for the time from the previous invoice (Exhibit C) to the day of decontamination.

20.      Since that time, any and all Defendants have ignored and/or put off phone calls and emails by Mr. Pietrangelo, Mrs. Pietrangelo and Mr. Pietrangelo's counsel.

<u>Causes of Action</u>

1. Declaratory Relief

21.   Mr. Pietrangelo incorporates by reference each and every averment above.

22.   Mr. Pietrangelo respectfully moves this Honorable Court for a declaration of all parties' rights and responsibilities under the Agreement, particularly a determination Mr. Pietrangelo be paid per the terms of the Agreement.

23.   A declaration is necessary and proper because Mr. Pietrangelo has no plain speedy and/or adequate remedy at law without it and a declaration will avoid more actions.

2. Breach of Fiduciary Duty

24.   Mr. Pietrangelo incorporates by reference each and every averment above.

25.   Defendants accepted a fiduciary duty to Mr. Pietrangelo by entering into a contract with him.

26.   As Mr. Pietrangelo's fiduciaries, any and all Defendants owed him the duty to work in good faith, settle claims brought in good faith, act fairly and honestly and act with due regard for his interests.

27.   Any and all Defendants breached each and every duty listed above and further behaved maliciously toward Mr. Pietrangelo by refusing to pay him what they lawfully owe him under the Agreement. Defendants have acted in bad faith by serving only their interests.

28.   Because of Defendants' refusal to comply with obligations they voluntarily accepted, Mr. Pietrangelo is forced to retain counsel, pay court and other fees and bear the financial burden of losing income.

3. Unjust Enrichment (*Actio de Rem Verso*)

29.   Mr. Pietrangelo incorporates by reference each and every averment above.

30.     "When one avails himself of the services of another in performance of a task, he is obligated to compensate that person." *Dumas and Associates, Inc. v. Lewis Enterprises, Inc. et al*, 704 So.2d 433, 438 (La.App. 2 Cir. 1997).

31.     The Louisiana Supreme Court held the following.

> The five requirements for a showing of unjust enrichment, or *actio de in rem verso*, are: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff.

*Baker v. Maclay Properties Company*, 648 So.2d 888, 897 (LA 1995)(emphasis added)(internal citations omitted).

32.     As a result of their respective and collective conducts, any and all Defendants have been and continue to be unjustly enriched at Mr. Pietrangelo's expense. Specifically, Defendants' unfair and unlawful actions enabled them to reap the benefits of the Agreement while ignoring their responsibilities and duties. Certainly based on the language of the *Dumas* court, there is no justification or cause why Defendants should be enriched at Mr. Pietrangelo's expense. Mr. Pietrangelo seeks remedy at law in good faith reliance on the Agreement.

33.     Any and all Defendants have been and continue to be unjustly enriched in an amount to be determined at trial and should be required to disgorge their unjust enrichment.

4.  Suit on Account

34.     Mr. Pietrangelo incorporates by reference each and every averment above.

35.     Mr. Pietrangelo delivered services to any and all Defendants. Defendants owe Mr. Pietrangelo for his services rendered. Defendants are yet to pay Mr. Pietrangelo.

36.      Any and all Defendants have an open account debt to Mr. Pietrangelo and have chosen not to pay.  Mr. Pietrangelo has been and continues to be damaged in an amount to be determined at trial.

## 5.  Breach of Contract

37.      Mr. Pietrangelo incorporates by reference each and every averment above.

38.      At all relevant times, Mr. Pietrangelo entered into a contract with any and all Defendants.

39.      Defendants authored the Agreement and Mr. Pietrangelo demonstrated reasonable reliance thereon.

40.      By entering into said contract, Defendants voluntarily accepted the duties to abide by the Agreement, including but not limited to compensating Mr. Pietrangelo.

41.      Defendants' refusal to compensate Mr. Pietrangelo is a breach of the Agreement.

42.      Mr. Pietrangelo's damages are direct and proximate results of breaches of contract by Defendants.

## 6.  Gross Breach of Contract

43.      Mr. Pietrangelo incorporates by reference each and every averment above.

44.      Defendants' breaches of contract are willful, wanton and taken knowing they will cause significant harm to Mr. Pietrangelo.  Defendants' breaches of contract are therefore gross.

## 7.  Respondeat Superior

45.      Mr. Pietrangelo incorporates by reference each and every averment above.

46.      At all relevant times, any and all agents and/or employees of any and all Defendants who were involved in any capacity with the Agreement with Mr. Pietrangelo were acting in the course and scope of the duties of their corporate and respective employments.

47.     Any and all Defendants are vicariously liable for the acts and omissions of any and all agents and/or employees who were involved in any capacity with the Agreement with Mr. Pietrangelo.  Any and all Defendants knew or in the exercise of reasonable caution should have known their respective and corporate duties to Mr. Pietrangelo were non-delegable.

48.     Any and all Defendants knew or in the exercise of reasonable caution should have known their respective and corporate duties to Mr. Pietrangelo were being grossly breached.

49.     With the filing of Answers and Defenses, Defendants will be given opportunity to address vicarious liability, provide a good faith basis for same and provide any documents or contracts which support their position(s).

50.     Mr. Pietrangelo reserves the right to amend his Complaint in accordance after reviewing the pleadings and/or discovery of Defendants to include individual defendants and/or personnel as well as corporate or business entities.

### 8.  Negligent Supervision / Training

51.     Mr. Pietrangelo incorporates by reference each and every averment above.

52.     Any and all Defendants bore a duty to Mr. Pietrangelo to ensure adequate supervision and training to any and all respective and/or corporate agents and/or employees.

53.     Any and all Defendants breached their duties to Mr. Pietrangelo to ensure adequate supervision and training of agents and/or employees.

54.     Mr. Pietrangelo's damages are direct and proximate results of negligent supervision and training as a breach of duty by any and all Defendants.

### 9.  Negligent Hiring / Retention

55.     Mr. Pietrangelo incorporates by reference each and every averment above.

56.     Any and all Defendants bore a duty to Mr. Pietrangelo to ensure adequate hiring and/or retention of agents and/or employees.

57.     Defendants breached their respective and/or corporate duties to ensure adequate hiring and/or retention of agents and/or employees.

58.     Mr. Pietrangelo's damages are direct and proximate results of negligent hiring and retention as a breach of duties by Defendants.

### 10.  Bad Faith

59.     Mr. Pietrangelo incorporates by reference each and every averment above.

60.     Any and all Defendants acted with malice, gross negligence and reckless disregard for Mr. Pietrangelo's rights.

61.     Any and all Defendants knowingly and willfully contracted with Mr. Pietrangelo to use his vessel.   Any and all Defendants knowingly and willfully contracted with Mr. Pietrangelo to pay him for the use of his vessel.

62.     Any and all Defendants have knowingly and willfully chosen not to meet the covenants of the Agreement with Mr. Pietrangelo.

63.     Any and all Defendants clearly exercised Bad Faith toward Mr. Pietrangelo by showing malice and demonstrating both gross negligence and reckless disregard for his rights by knowingly and willfully choosing not to meet their contractual covenants.

64.     As direct and proximate results of the bad faith business practices of any and all Defendants, Mr. Pietrangelo sustained damages including but not limited to those stated herein.

65.     Any and all Defendants' corporate and respective actions can only be said to be contrived or specious at best and were contemplated and committed with gross disregard for the rights of Mr. Pietrangelo and good faith practices in general.

11.  Intentional, Gross and Negligent Infliction of Emotional Distress and Mental Anguish

66.     Mr. Pietrangelo incorporates by reference each and every averment above.

67.     The tortious conduct of any and all Defendants directly and proximately caused damages of emotional distress and mental anguish.

68.     As direct and proximate results of the intentional, gross and negligent infliction of emotional distress and mental anguish by any and all Defendants, Mr. Pietrangelo sustained damages including but not limited to those stated herein.

12.  Constructive Fraud

69.     Mr. Pietrangelo incorporates by reference each and every averment above.

70.     All Defendants respectively, corporately and through any and all agents and/or employees breached their individual and corporate non-delegable duties—fiduciary and otherwise—to Mr. Pietrangelo, thereby committing constructive fraud.

71.     As direct and proximate results of constructive fraud by any and all Defendants, Mr. Pietrangelo sustained damages including but not limited to those stated herein.

Compensatory Damages

72.     Mr. Pietrangelo incorporates by reference each and every averment above.

73.     But for the negligences and wanton and willful actions of any and all Defendants, Mr. Pietrangelo would not have sustained damages.

74.     Any and all Defendants breached all the above duties and directly and proximately caused unreasonable damages including but not limited to those listed herein, entitling Mr. Pietrangelo to an award of compensatory damages.

Punitive Damages

75.     Mr. Pietrangelo incorporates by reference each and every averment above.

76.    Mr. Pietrangelo alleges any and all limitations on damages set forth in statute and/or judicial decision—if they apply—are unconstitutional because they violate both the Louisiana Constitution and the Constitution of the United States, including but not limited to the Equal Protection and Due Process Clauses.

77.    Mr. Pietrangelo alleges the commissions and omissions by any and all Defendants and their respective and/or corporate agents and/or employees were so willful, grossly negligent and wanton as to show a disregard for the rights of others and therefore give rise to an award of punitive damages.

Damages

78.    As direct and proximate results of the respective and/or collective omissions and grossly improper and negligent commissions and omissions by any and all Defendants and/or any and all of their respective and/or corporate agents and/or employees as herein alleged Mr. Pietrangelo suffered actual and compensatory damages including but not limited to

a)    Past and present psychological and emotional trauma, distress, anxiety, and mental suffering;
b)    Past and present loss of enjoyment of life;
c)    Past loss of use of his vessel;
d)    Agreement fees;
e)    Loss of charter business;
f)    Attorneys' fees;
g)    Legal interest and
h)    Other damages to be proven at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Thomas Pietrangelo prays for

a)    Judicial determination the Agreement provides coverage for his work, time, effort and availability and Defendants are liable to him for payment as per the Agreement, any and all attorneys' fees and costs;

b)      Judgment against Defendants for any and all losses incurred as direct and proximate results of the negligent conduct and other breaches of duty by Defendants, in an amount to be determined at trial;

c)      Compensatory damages, prejudgment and postjudgment interest, attorneys' fees and costs reasonably and necessarily incurred during the course of litigation, in an amount to be determined at trial;

d)      Judgment against Defendants for damages in an amount to make him whole insofar as a pecuniary amount can accomplish that purpose, in an amount to be determined at trial;

e)      Punitive damages against Defendants for gross negligence and/or gross breach of contract and

f)      Such other relief as this Honorable Court deems just and proper.

Respectfully submitted the 6th of May, 2011.

THOMAS PIETRANGELO, Plaintiff

By and Through His Attorneys
LUCKEY AND MULLINS, PLLC

Stephen W. Mullins

Stephen W. Mullins (LAB # 22124)
Luckey & Mullins, PLLC
2016 Bienville Blvd
Ocean Springs, MS  39564
Phone: 228.875.3175
Fax:    228.872.4719
smullins@luckeyandmullins.com

11